## SIMON SALO v. DULUTH & IRON RANGE RAILROAD COMPANY.

### JOHN MAKKYLA v. SAME.

### WILLIAM SEMBUM v. SAME.[1]

December 12, 1913.

Nos. 18,533, 18,534, 18,535—(305).

**Attorney's fees.**

The concessions made by appellants' attorney at the hearing required the court to make the amended findings and judgments in conformity therewith, and the decision must be affirmed. [Reporter.]

Plaintiffs in the three above entitled actions against the Duluth Iron Range Railroad Co. obtained from the district court for St. Louis county an order requiring Joseph De La Motte, their attorney, to render to them an account of his receipts, disbursements and charges in each of the actions; to disclose the facts in reference to any claim of lien on his part in any of the actions, and to show cause why another attorney should not be substituted in his place and why he should not turn over to plaintiffs all the papers in the cases and pay over to them such money in his hands as they were entitled to. The matter was heard by Cant, J., who made findings and ordered judgment in favor of plaintiffs. Plaintiffs' motion for a new trial was denied. From the judgment awarding De La Motte one-half of the damages, and interest, and all the costs taxed in his action in the district court and supreme court, and authorizing De La Motte to satisfy the judgment, William Sembum appealed. From the judgment awarding De La Motte as part of his fees the amount of Salo's judgment for costs and disbursements, Salo appealed. From the judgment awarding De La Motte as part of his fees the amount of Makkyla's judgment for costs and disbursements, Makkyla appealed. Affirmed.

1 Reported in 144 N. W. 1134.

*J. W. Reynolds,* for appellants.

*J. De La Motte, pro se.*

PER CURIAM.

In July, 1910, fires devastated mining locations and the lands of settlers in St. Louis county near the right of way of the Duluth & Iron Range Railroad company. J. De La Motte secured contracts from a great number of fire sufferers to act as attorney for them in recovering damages from the railroad company. Suits were brought and a few thereof were tried. In January, 1913, the clients of De La Motte became dissatisfied with the result of his work and 31 of them desired a substitution of attorney. And upon an order to show cause why substitution should not be had the parties appeared before the court, a hearing or trial was had at which oral testimony was received touching the contracts between De La Motte and his clients as to fees, the work performed by the attorney, the payments received, and the disbursements made in the actions. The court made findings of fact and conclusions of law. And, as far as here material, these were that De La Motte's contract with appellant Sembum was for two-thirds of the amount recovered, and that he was entitled to that sum and also to receive out of the costs and disbursements to be thereafter taxed in the case such disbursements as the attorney had advanced for the client, and the same as to appellants Salo and Makkyla with reference to taxable disbursements, but the fees in those cases in addition to what already had been received was to be 5 per cent of the amount recovered (their actions, although tried, not then having resulted in a recovery).

The substituted attorney in June, 1913, succeeded in settling all the cases except the Sembum case, in which a verdict had been obtained which was afterwards upheld on appeal to this court. As part of the settlement of the Salo and Makkyla cases disbursements were to be taxed against the railroad company. Thereafter Sembum moved to amend the findings, by striking out that part which provides that De La Motte was entitled to two-thirds of the recovery, and for leave to try the right of the attorney to any lien for compensation, and at the same time De La Motte moved to amend the findings so that all costs and disbursements which in the meantime had been taxed in favor of Sembum, Salo, and Makkyla should be received by him. The court amended the findings as asked for by De La Motte, but also reduced the fees in the Sembum case from two-thirds to one-half of the recovery. Subsequently Sembum, Salo, and Makkyla each moved for a new trial. The motions were denied. From the judgments entered they severally appealed.

No error occurring at the trial or hearing is presented for review. The findings as amended support the judgment appealed from and these findings conform strictly to appellants' desires as expressed on the trial by their substituted attorney in these words: (Speaking of the Salo and Makkyla cases) "Well let

it go that way, then, in both of these cases. Mr. De La Motte, in any order that is made, shall have all the disbursements that may be taxed for that trial, and in the Sembum case he has all the fees and costs and disbursements that may ever be taxed; provided, of course, that he ever prevails in the suit in the Sembum case."

At the trial it was testified that the attorney's fees in all the fire cases was to be one-half of the recovery. It is entirely clear that, upon the trial, clients, attorneys and the court took for granted that the agreed attorney's fees in each case was one-half of the recovery. But in some way written contracts found their way into the record and the one with Sembum provides for an attorney's fee of two-thirds of the amount recovered. There was no contention on the trial that the contracts were either champertous or extortionate. The court was not asked to pass on any such question. On the contrary it was conceded that De La Motte was to have one-half of the Sembum verdict. It may well be that there was sufficient evidence to support a finding of champerty, had it been made, and, had there been no concessions, the evidence as it stood previous to the making thereof would have sustained the original findings as to De La Motte's share in the taxable costs and disbursements, as to each of appellants. But in view of the fact that the amended findings are precisely as the appellants, through their counsel at the trial, agreed to, we find no good reason for holding that there was any error or abuse of discretion in amending the findings or denying Sembum's motion to open up the case or in denying a new trial. We think that the concessions of appellants at the trial required the court to make the findings in the amended form. It follows that the judgments in conformity thereto must be affirmed.

Costs will be allowed in this court as if there had been but one appeal and one-third thereof to be taxed against each appellant.

Judgments affirmed.